*NICHOLS v. GRICE.*

---

## THE STATE *v.* THOMAS POWELL.

The presumption of slavery arising from color, may be rebutted upon slight testimony.
In indictments of free persons of color, the law does not require that they should be described
as such in the form used by notaries, auctioneers, &c.

APPEAL from the District Court of Lafourche, *Randall*, J. *Isaac Johnson*, Attorney General, for the State. *Beatty*, for appellant. The judgment of the court was pronounced by

PRESTON, J. The defendant having been tried and convicted of larceny, moved for a new trial, on the ground that the verdict was contrary to law and evidence, in this, that it was proved on' the trial that he was a negro of unmixed blood, from which the presumption arose that he was a slave; and no evidence was given to rebut that presumption. Consequently, it is said the court had no jurisdiction to try the case.

In the bill of exceptions taken by the counsel of the defendant, it was admitted that he was a negro of unmixed blood. In civil suits, that fact raises a presumption of slavery, which must be rebutted by testimony to establish freedom, or to admit the negro as a witness. But slight testimony, however, is required to rebut the presumption as that the negro was in the actual enjoyment of his liberty.

The bare fact of the prosecution of the accused as a free man, without plea to the jurisdiction of the court, on the ground that he was a slave, without a question being raised on the subject on the trial, by himself or any one for him, was sufficient to rebut the presumption in the present case.

It is true, he was not described in the indictment as a free man of color. This is required from notaries and other public officers, in passing acts with regard to free persons of color; and also from auctioneers and printers, in publishing advertisements of the sale of their property. It is not expressly required of prosecuting, or other officers, so to describe them in criminal proceedings, though it is usual to do so, and to be recommended in all cases. This omission is not an error for which the judgment can be reversed.

The judgment of the district court is therefore affirmed, with costs.